

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

November 25, 1991

Honorable Merrill L. Hartman
Chairman
Court Reporters Certification Board
P.O. Box 13131, Capitol Station
Austin, Texas 78711-3131

Opinion No. DM-58

Re: Whether the Court Reporters Cer-
tification Board may consider an appli-
cation for certification under Govern-
ment Code section 52.021(e) after the
effective date of repeal of that provision,
when consideration of the application be-
gan before the repeal date (RQ-176)

Dear Judge Hartman:

You have requested an opinion from this office concerning the repeal,
effective September 1, 1991, of section 52.021(e) of the Government Code. Former
section 52.021(e) provided the following:

> (e) A person who has successfully completed a registered
> professional reporter's examination administered by the
> National Shorthand Reporters Association having standards and
> requirements equivalent to or more difficult than those
> prescribed by this chapter, who has made proper application for
> and successfully passed Part B of the certification examination
> administered by the Court Reporters Certification Board, and
> who has been actively engaged in the practice of shorthand
> reporting while maintaining continuous membership in the
> national association is entitled to be certified to the supreme
> court in the manner provided by Section 52.024.

The act repealing this provision, House Bill 1417, states in section 2 that it

> takes effect September 1, 1991, *and applies only to certifications*
> *by the Court Reporters Certification Board to the supreme court* . . .
> *made on or after that date.* A *certification* made under Chapter
> 52, Government Code, before September 1, 1991, is governed by

the law as it existed on the date the certification was made, and that law is continued in effect for that purpose.

Acts 1991, 72d Leg., ch. 799, § 2, at 2809 (emphasis added).

Your request to us is prompted by the following situation. A subcommittee of the board first considered an application for certification under section 52.021(e) before September 1, 1991. However, the subcommittee of the board, being unable to reach a consensus on the applicant's qualifications, postponed further consideration of the application until a future board meeting. As no consensus was reached on the application in question, the board has not certified the applicant to the supreme court. September 1, 1991 has now passed, and you ask whether the board may continue to consider the application under repealed section 52.021(e). We conclude that it may not.

We find that the savings clause in House Bill 1417 was only intended to apply to applications actually pending in the supreme court as of September 1, 1991. House Bill 1417 clearly provides that section 52.021(e) continues in effect only as to certifications made by the Court Reporters Certification Board to the supreme court before September 1, 1991. *Id.* If the board had certified the individual in question to the supreme court prior to September 1, the applicant would have been entitled to a certificate under former provision 52.021(e). However, such is not the case; as of September 1, the board had *not* certified the applicant to the supreme court. Accordingly, this particular application may not be considered by the board under section 52.021(e). The fact that the applicant in question submitted an application to the board prior to September 1 does not alter this result.

## SUMMARY

The Court Reporters Certification Board may not continue to consider an application for certification under now-repealed section 52.021(e) of the Government Code. Section 52.021(e) continues in effect only as to applications for certification that

were pending before the supreme court prior to September 1, 1991.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Faith Steinberg
Assistant Attorney General